1
2
3
4                      UNITED STATES DISTRICT COURT
5                           DISTRICT OF NEVADA
6                                 * * *
7    BELLAGIO, LLC,                          Case No. 2:14-CV-1362 JCM (PAL)
8                          Plaintiff(s),                 ORDER
9         v.
10   BELLAGIO CAR WASH & EXPRESS
     LUBE, et al.,
11
12                        Defendant(s).
13

14          Presently before the court is plaintiffs Bellagio, LLC ("Bellagio") and Mirage Resorts,

15   Incorporated's ("Mirage") motion for relief under Federal Rules of Civil Procedure ("Rules")

16   59(e) and 60(b)(6). (Doc. # 38). Defendants Tri Star Auto Spa Inc. ("Tri Star") and Kislev, Inc.

17   ("Kislev") filed matching responses in opposition (doc. ## 39, 40),[1] and plaintiffs filed a reply.

18   (Doc. # 42).

19          Also before the court is defendant Kislev's motion for relief from local counsel

20   requirement. (Doc. # 41). Plaintiffs filed a response in opposition. (Doc. # 43).

21   **I.     Background**

22          This case stems from a trademark dispute between the defendants and Bellagio, owner of

23   the Bellagio Hotel and Casino, located in Las Vegas, Nevada. (Doc. # 38 at 2). Mirage is Bellagio's

24   corporate parent. (*Id.*) Defendant Kislev operates a car wash under the name Bellagio Car Wash

25   & Express Lube, and defendant Tri-Star maintains a passive website for the car wash at <

26   www.bellagiocarwash.com>. (*Id.* at 4). The car wash is located in Lawndale, California. (*Id.*).

27

28
     _____

          [1] Plaintiffs request a hearing for oral argument on their motion. Satisfied with the parties'
     briefing, the court declines to hold a hearing at this time.

James C. Mahan
U.S. District Judge

Plaintiffs allege that defendants infringe on several federal trademarks owned by Bellagio and commonly associated with the Bellagio Hotel and Casino. (*Id.* at 5).

On July 1, 2015, this court issued an order dismissing plaintiffs' claims for lack of personal jurisdiction over the defendants. (Doc. # 35). The court found that "[p]laintiffs failed to establish that defendants expressly aimed their activities at Nevada, a prerequisite for specific jurisdiction in this case." (*Id.* at 8). The court declined to entertain defendants' request for jurisdictional discovery. (*See* doc. # 28 at 19-20).

Plaintiffs now move for relief under Rules 59(e) and 60(b)(6), asking the court to reconsider its denial of limited jurisdictional discovery.

## II.    Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

Rule 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," amongst other reasons, "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). District courts use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

## III.    Discussion

Plaintiffs now move the court to reconsider its order because:

James C. Mahan
U.S. District Judge

- 2 -

(1) plaintiffs were not required to allege a *prima facie* case for the exercise of personal jurisdiction to obtain jurisdictional discovery; (2) plaintiffs have, at minimum, alleged a colorable basis for the exercise of personal jurisdiction over defendants; and (3) the jurisdictional facts *are* controverted and a more satisfactory showing of the facts is necessary.

(Doc. # 38 at 8).

Plaintiffs premise their motion to reconsider on the fact that the order did not discuss the court's denial of their request for jurisdictional discovery. (*Id.* at 1-2). By granting defendants' motion to dismiss in its entirety, the court implicitly declined to entertain plaintiffs' discovery request. Plaintiffs argue, however, that the court used the "prima facie" standard, appropriate for dismissal, in its evaluation of the discovery request, which requires only a "colorable basis" standard. They contend that under the colorable basis standard, plaintiffs are entitled to jurisdictional discovery.

Plaintiffs' argument relies on *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) *overruled on other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Certain language in *Columbia Pictures* indicates that knowledge of a plaintiff's residence "alone is sufficient" to satisfy the purposeful direction test for intentional torts. *See id.* Plaintiffs argue that under *Columbia Pictures*, they alleged a colorable basis for the court's exercise of personal jurisdiction. *See id.*; (doc. # 38 at 9).

As the previous order explains in detail, this court rejected plaintiffs' reliance on *Columbia Pictures*. (*See* Doc. # 35 at 5–6). The court instead distinguished *Columbia* from a line of more recent Ninth Circuit cases (the "Ninth Circuit cases") specifically dealing with intellectual property claims. *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); (*id.* at 6, n. 1). Those cases require a "further showing that the defendant otherwise expressly aimed its activities at the forum." *See Schwarzenegger* at 801.

The court then observed that the Supreme Court's recent decision in *Walden v. Fiore* "underscored the importance of a defendant's *own, direct* contacts with the forum state." *See* 134 S.Ct. 1115, 1126 (2014); (*see* doc. # 35 at 6). The Court's *Walden* holding is, at best, inconsistent

James C. Mahan
U.S. District Judge

- 3 -

1    with the prior Ninth Circuit holding in *Columbia Pictures*. *See Columbia Pictures*, 106 F.3d at

2    289; *Walden,* 134 S.Ct. at 1126. The court therefore followed *Walden* and the later Ninth Circuit

3    cases and finds no reason to deviate.

4         Plaintiffs argue that a colorable basis for jurisdictional discovery exists based on the

5    following allegations: (1) defendants knew that their service marks infringed on Bellagio's

6    registered trademarks; (2) defendants knew Bellagio had its principal place of business in Nevada

7    and that its marks would be diluted by defendants' infringement; (3) that defendants maintain a

8    passive website that *could* be aimed at Nevada residents and might induce Nevada customers to

9    visit the Los Angeles-area car wash, and (4) that defendants *could* be actively advertising their

10   services beyond the website in Nevada. (*See* doc. # 38 at 10–11).

11        The first, second, and third bases for jurisdictional discovery are not direct acts under

12   *Walden. See* 134 S.Ct. at 1126. Furthermore, the facts here are strikingly similar to those under

13   which a Ninth Circuit Court held that a district court properly exercised its discretion in both its

14   determination that it did not have personal jurisdiction and its denial of jurisdictional discovery.

15   *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156-57 (9th Cir. 2006) (holding that defendant

16   did not expressly aim his passive website at California even though plaintiff alleged defendant

17   intentionally infringed on its trademark with knowledge of its California residence). These

18   allegations do not support a colorable basis for personal jurisdiction.

19        Moreover, the idea that Nevada residents might be persuaded by defendants' passive

20   website to hop in their vehicles, fuel up, and drive the 250 miles from the closest Nevada border

21   to Lawndale, California, for a luxury car wash is not plausible. As the court stated in its previous

22   order, "[a]ny Nevada residents that defendants served would be entirely fortuitous and not

23   appropriate for establishing minimum contacts." (Doc. # 35 at 7) (citing *World-Wide Volkswagen*

24   *Co. v. Woodson*, 444 U.S. 286, 295 (1980). Fortuitous contacts do not establish personal

25   jurisdiction. *See World-Wide Volkswagen* at 295.

26        Plaintiffs' fourth and final basis for jurisdictional discovery is a bare allegation that

27   defendants may be circulating ads or otherwise actively advertising beyond a 3-mile radius of the

28   car wash's location. This allegation was specifically denied by defendants in a signed affidavit.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  (*See* doc. # 24-1, ¶ 5). "[W]here a plaintiff's claim of personal jurisdiction appears to be both

2  attenuated and based on bare allegations in the face of specific denials made by the defendants, the

3  Court need not permit even limited discovery...." *Id.* at 1160 (quoting *Terracom v. Valley Nat.*

4  *Bank*, 49 F.3d 555, 562 (9th Cir. 1995).

5  **IV.    Conclusion**

6     Having reviewed the record, the court finds that plaintiffs have alleged neither a *prima*

7  *facie* case nor a colorable basis for the exercise of personal jurisdiction over defendants under the

8  tests established in *Walden* and the Ninth Circuit cases. *See, e.g.*, *Schwarzenegger*, 374 F.3d at

9  807. Plaintiffs' motion asks the court to revisit the same arguments they made in opposition to

10  defendants' motion to dismiss.  The court still does not find them persuasive. Plaintiffs have failed

11  to articulate any "manifest injustice" that would justify vacating, setting aside, or modifying this

12  court's order and judgment. *Lal v. California*, 610 F.3d at 524. The court will deny plaintiffs'

13  motion for relief.

14     Defendant Kislev's motion for temporary relief from the local counsel requirement will,

15  therefore, be denied as moot.[2]

16     Accordingly,

17     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Bellagio, LLC

18  and Mirage Resorts, Incorporated's motion for relief under Federal Rules of Civil Procedure 59(e)

19  and 60(b)(6) (doc. # 38) be, and the same hereby is, DENIED.

20  . . .

21  . . .

22  . . .

23  . . .

24  _____

25     [2]  In their opposition to defendant's motion, plaintiffs assert that counsel for both
   defendants, Mr. Ronald Richards, has not only failed to file a verified petition to practice *pro hac*
26  *vice* in compliance with LR IA 10-2, but filed both defendants' responses to the plaintiffs' motion
   (doc. ## 39, 40) without associating local counsel. In the interest of judicial efficiency, the court
27  declines to exercise its discretion to strike the responses under LR IA 10-2(k), but admonishes Mr.
   Richards for his failure to comply with the local rules. If Mr. Richards appears in this district in
28  the future, he shall comply with all such rules or face sanctions for his failure to do so. *See*
   *generally* LR IA 10-2.

James C. Mahan
U.S. District Judge

- 5 -

1    IT IS FURTHER ORDERED that defendant Kislev's motion for temporary relief from

2  local counsel requirement (doc. # 41) be, and the same hereby is, DENIED as moot.

3    DATED December 3, 2015.

4

5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**